UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAMELA WILLIAMS, individually and on behalf of all others similarly situated, ) ) | |
| ) | 17 C 6756 |
| Plaintiff, ) | |
| ) | Judge Gary Feinerman |
| vs. ) | |
| ) | |
| NCB MANAGEMENT SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pamela Williams brought this putative class action in state court against NCB Management Services, Inc. ("NCB"), alleging that the collection letter it sent her violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq*. Doc. 1-1. After NCB removed the suit to federal court, Doc. 1, the court ordered Williams to show cause why the suit should not be dismissed as precluded by the judgment in a materially identical suit, *Williams v. NCB Management Services, Inc.*, No. 16 C 9322 (N.D. Ill.) (Shadur, J.). Doc. 7. All docket citations to follow are from the first case.

In the first case, Judge Shadur granted NCB's motion to dismiss for lack of standing under Rule 12(b)(1); as Judge Shadur explained, because Williams, who had recently emerged from bankruptcy, had not listed her FDCPA claim on her schedule of assets, her FDCPA claim remained the property of the bankruptcy estate. Doc. 27 at 2-3; *see Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 618 (7th Cir. 2002) (holding that, because the plaintiff "did not list his … claim on the schedule, … abandonment was not authorized by [11 U.S.C. §] 554(c)," and that "[p]roperty not abandoned under [§ 554] remains property of the debtor's estate"). Judge

1

Shadur noted that the dismissal was "without prejudice" and added that "under Rule 59(e) you have got 28 days to come back in." Doc. 27 at 2.

After reopening the bankruptcy case and amending her schedule of assets to include the FDCPA claim, Williams moved on January 18, 2017 to "reopen" the FDCPA suit. Doc. 28. Judge Shadur continued the motion to give Williams an opportunity to submit proof that the bankruptcy trustee had officially abandoned the FDCPA claim. Doc. 30. The bankruptcy case closed on March 29, thereby returning ownership of the FDCPA claim to Williams. Doc. 33 at ¶ 15. But Williams did not immediately inform the court that the bankruptcy case had closed, and on April 4, Judge Shadur denied her motion to reopen, reasoning:

> It has been 2-1/2 months since plaintiff … moved to reopen this action … .
> Because considering any such reopening necessarily depended on a return to
> the Bankruptcy Court so that appropriate steps could be taken to enable
> Williams to proceed with the case, on January 27 this Court … continued
> Williams' motion generally to enable her to go before the Bankruptcy Court
> for that purpose. More than two months have elapsed since then, and
> Williams' counsel has done nothing to bring her case back to life in this
> District Court. Accordingly Williams' motion to reopen … is denied.

Doc. 32.

Thirty days later, Williams moved for reconsideration of the denial of her motion to reopen. Doc. 33. Judge Shadur observed that he would not have denied the motion to reopen had he known that the bankruptcy case had closed, but he denied the reconsideration motion as untimely under Rule 59(e). Doc. 37; *see* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

The consequence of the denial of Williams's motion to reopen, and also of her motion to reconsider the denial of the motion to reopen, was to leave Judge Shadur's original judgment in place: a dismissal for lack of standing. Such a dismissal is without prejudice. *See Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 969 (7th Cir. 2016) ("The district court here dismissed

the plaintiffs' claims for lack of subject-matter jurisdiction, which is a dismissal without prejudice."); *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 690 (7th Cir. 2015) ("Where federal subject matter jurisdiction does not exist, federal courts do not have the power to dismiss with prejudice.") (internal quotation marks omitted). This allowed Williams to refile the suit if and when she acquired standing. *See Dupuy v. McEwen*, 495 F.3d 807, 810 (7th Cir. 2007) ("[D]ismissal without prejudice … allows the suit to be refiled … .").

If Williams had just walked away from the case after Judge Shadur dismissed it for lack of standing, there would have been no question that she was entitled to file a new suit after acquiring standing upon a change of circumstances. *See Granger v. Rauch*, 388 F. App'x 537, 544 (7th Cir. 2010) (permitting a case that was refiled after an initial dismissal for improper venue to go forward). That she unsuccessfully (and unnecessarily) attempted to revive the suit with a motion to reopen and then a motion to reconsider, rather than simply filing a new suit, does not alter the analysis. The only reason Williams's suit was dismissed was that she did not show that she had standing to pursue her FDCPA claim. Judge Shadur was evidently finished waiting for Williams to provide evidence supporting her motion to reopen, but that did not transform the dismissal without prejudice for lack of standing into a dismissal with prejudice. Given that the factual circumstances bearing on standing have changed since Judge Shadur dismissed the suit for lack of standing, Williams was free to refile her FDCPA claim, subject to any statute of limitations defense that might have arisen in the interim.

For the foregoing reasons, the order to show cause is discharged, and this suit will not be dismissed as precluded by the judgment in Case No. 16 C 9322.

February 20, 2018

_____

United States District Judge