UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAMELA WILLIAMS, individually and on behalf of all )
others similarly situated, )
                                                                          ) 17 C 6756
                                Plaintiff, )
                                                                          ) Judge Gary Feinerman
vs. )
    )
NCB MANAGEMENT SERVICES, INC., )
    )
                                                              Defendant. )

### MEMORANDUM OPINION AND ORDER

Pamela Williams brought this putative class action in state court against NCB Management Services, Inc. ("NCB"), alleging that a collection letter it sent her violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq*. Doc. 1-1. Shortly after NCB removed the suit, Doc. 1, the court ordered Williams to show cause why it should not be dismissed as precluded by the judgment entered against her in an earlier and materially identical suit against the same defendant, *Williams v. NCB Management Services, Inc.*, No. 16 C 9322 (N.D. Ill.). Doc. 7. The court discharged the show cause order, holding that this suit is not precluded by the judgment in the earlier suit. Docs. 19-20. NCB now moves to dismiss this suit under Civil Rule 12(b)(6). Doc. 21. The motion is denied.

### Background

On August 8, 2016, NCB sent Williams a collection letter informing her that she could authorize electronic payments of her debt by identifying a bank account from which NCB could withdraw payments over time. Doc. 1-1 at ¶¶ 11, 15-18. The letter then stated: "You may cancel this Authorization by calling us toll free at the listing on the front of this letter at least three business days before you wish the cancellation to be effective." *Id*. at ¶ 20.

## Discussion

### I. FDCPA Claim

Williams alleges that the above-quoted statement in NCB's letter—"You may cancel this Authorization by calling us toll free at the listing on the front of this letter at least three business days before you wish the cancellation to be effective"—is deceptive because it implies that a debtor can cancel the preauthorized electronic payments *only* by calling NCB. Doc. 1-1 at ¶ 28. In fact, Regulation E, promulgated by the Federal Reserve Board under of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, provides for an alternative means of cancellation, calling the debtor's bank: "A consumer may stop payment of a preauthorized fund transfer from the consumer's account by notifying the financial institution [*i.e.*, the consumer's bank] orally or in writing at least three business days before the scheduled date of the transfer." 12 C.F.R. § 205.10(c)(1).

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see Ruth v. Triumph P'ships*, 577 F.3d 790, 799-800 (7th Cir. 2009). This provision, essentially a "rule against trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), sets forth "a nonexclusive list of prohibited practices" in sixteen subsections, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Although a plaintiff "need not allege a violation of a specific subsection in order to succeed in a § 1692e case," *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012), Williams invokes subsections (5) and (10), which proscribe, respectively, "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a

consumer," *id.* § 1692e(10). Williams also invokes § 1692f, which proscribes the use of "unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. Because the § 1692f claim rests on the same premise (that the language in NCB's letter regarding the cancellation of electronic payments was deceptive) as the § 1692e claim, the two claims rise or fall together.

Statements alleged to be false or misleading under the FDCPA fall into three categories. *See Ruth*, 577 F.3d at 800. The first consists of statements that are "plainly, on their face, ... not misleading or deceptive. In these cases, [the court] do[es] not look to extrinsic evidence to determine whether consumers were confused. Instead, [the court] grant[s] dismissal or summary judgment in favor of the defendant based on [its] own determination that the statement complied with the law." *Ibid.* The second category consists of statements that "are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer. In these cases, ... plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Ibid.* The third category consists of statements that are "so clearly confusing on [their] face[s] that a court may award summary judgment to the plaintiff on that basis." *Id.* at 801.

The allegedly misleading statement in NCB's letter falls into the second category. The statement is not misleading on its face because it does not assert that calling NCB is the *exclusive* means of cancelling electronic payments. But it is plausible that an unsophisticated debtor—who would be unaware that Regulation E permits her to cancel the payments by calling her bank— would conclude that the sole means of cancellation listed in the letter (calling NCB) is the only one available. *See Koval v. Harris & Harris, Ltd.*, 2017 WL 1321152, at *3 (N.D. Ill. Apr. 5,

3

2017) ("Whether Harris's statement concerning termination of electronic payment authorization was misleading depends as much, if not more, on the factual question of whether an unsophisticated consumer would understand it to preclude other options for canceling than it does on the legal question of its technical accuracy.").

Williams's allegations are, therefore, sufficient to survive a Rule 12(b)(6) motion. Because NCB's allegedly misleading statement falls in the second category, however, Williams ultimately can prevail on her FDCPA claim only if she adduces "extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Ruth*, 577 F.3d at 800.

## II.   Judicial Estoppel

NCB next contends that Williams's FDCPA claim is barred by judicial estoppel. Williams, who recently emerged from bankruptcy, first brought her FDCPA claim in the earlier suit referenced above, which was dismissed after she had not listed the claim on her schedule of assets, meaning that the claim remained the property of her bankruptcy estate. Doc. 20 at 1-2 (summarizing the earlier suit). After making the necessary amendment to her schedule of assets, Williams filed this suit.

NCB argues that Williams should be estopped from asserting a claim whose existence she effectively denied when she failed to list it on her schedule of assets. Doc. 22 at 3-4. But the Seventh Circuit has held that dismissing a case on judicial estoppel grounds due to the plaintiff's failure during a bankruptcy case to disclose the claim is appropriate only where the plaintiff intended to deceive the bankruptcy court. *See Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014) (holding that "[t]he doctrine of judicial estoppel prevents litigants from manipulating the judicial system by prevailing in different cases or phases of a case by adopting

4

inconsistent positions" and that "[m]anipulation may occur when a debtor deliberately conceals a contingent or unliquidated claim during bankruptcy proceedings"); *ibid.* ("Courts do not apply judicial estoppel for the benefit of the defendant but try to protect courts and creditors from deception and manipulation."); *ibid.* (distinguishing earlier cases where judicial estoppel applied, explaining that in those cases, "the Chapter 7 debtors engaged in affirmative misrepresentations"); *id.* at 548 ("If there were undisputed evidence that Spaine intentionally concealed her claim, we would [apply judicial estoppel]."). Construing the facts in Williams's favor, as required on a Rule 12(b)(6) motion, the court cannot conclude that she intentionally, rather than inadvertently, omitted her FDCPA claim from her schedule of assets. *See David v. Wal-Mart Stores, Inc.*, 2014 WL 5510986, at *4 (N.D. Ill. Oct. 24, 2014) ("[T]he central legal principle set forth in *Spaine*, that intent to deceive is a necessary ingredient of judicial estoppel arising from a failure to disclose a legal claim during a bankruptcy proceeding, protects David from being judicially estopped, at least viewing the record through the Rule 12(b)(6) lens, a view that shows David to have made an innocent and inadvertent mistake in not disclosing his claim."). NCB's motion to dismiss on the ground of judicial estoppel is, therefore, denied.

## Conclusion

NCB's motion to dismiss is denied.

July 3, 2018

_____
United States District Judge

5